UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN S. HAYSE,

      Plaintiff,

v.                                          Case No. 8:10-cv-2936-T-24-MAP

STANDARD INSURANCE COMPANY,

      Defendant.

_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss (Doc. No. 4). Plaintiff opposes this motion (Doc. No. 7).

**I.  Standard of Review for a Motion to Dismiss**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000) (citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he or she bases his or her claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's]

right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Plaintiff alleges the following in his Complaint (Doc. No. 2): Plaintiff has a long-term disability insurance policy with Defendant. In November of 2008, while the policy was in force, Plaintiff suffered a disabling injury. Defendant placed Plaintiff on long-term disability and began paying him benefits under the policy. On October 27, 2010, Defendant sent Plaintiff a letter informing him that under his policy, disability benefits were limited to 24 months and would end on September 27, 2011.

Plaintiff asserts two claims against Defendant: (1) anticipatory breach of contract; and (2) declaratory relief. In response, Defendant filed the instant motion to dismiss both claims.

## III.  Defendant's Motion

Defendant filed a motion to dismiss, arguing that: (1) the anticipatory breach of contract claim should be dismissed because Plaintiff has not suffered any damages; and (2) declaratory relief is not warranted. The Court will address each argument accordingly.

### A. Anticipatory Breach of Contract

Defendant argues that Plaintiff cannot prove anticipatory breach of contract because it is undisputed that Defendant has continued to pay Plaintiff long-term disability benefits under the policy. Defendant asserts that it will continue paying Plaintiff long-term disability benefits as

long as Plaintiff remains eligible for benefits, but these benefits will cease as of September 27, 2011, when the 24-month limitation period in Plaintiff's policy is reached. Defendant acknowledges that changes in Plaintiff's medical condition could modify the scope of benefits due to Plaintiff (Doc. No. 2, Ex. A).

Florida law holds that a "right of action based upon an insurer's failure to pay . . . benefits is limited to the installments [that] have accrued at the institution of the action." Aetna Life Ins. Co. v. Smith, 345 So. 2d 784, 787 (Fla. 4th DCA 1977) (citing Mutual Life Ins. Co. v. Knight, 178 So. 898 (Fla. 1937)). An exception to this rule occurs when the insurer repudiates the entire contract. Id. (citing Mobley v. N.Y. Life Ins. Co., 295 U.S. 632 (1935)).

Here, Plaintiff continues to receive long-term disability benefits from Defendant, which will last until September 27, 2011 if he remains disabled. Defendant has not indicated its intent to repudiate Plaintiff's policy. To the contrary, Defendant recognizes that Plaintiff could become disabled due to a different condition covered within Plaintiff's policy. Thus, because Defendant has not failed to pay benefits as of the institution of this action, nor has Defendant repudiated Plaintiff's contract, Plaintiff's claim for anticipatory breach of contract must be dismissed. See Smith, 345 So. 2d at 787; Kaklamanos v. Allstate Ins. Co., 796 So. 2d 555, 560 (Fla. 1st DCA 2001).

### B. Declaratory Judgment

Plaintiff's second claim is for a declaration regarding whether he is subject to the "Other Limited Conditions" classification contained within the underlying long-term disability policy at issue. Defendant asserts that this claim should be dismissed because there is no actual, present need for a declaration of Plaintiff's future rights to benefits.

Florida Statutes Section 86.011 provides for declaratory judgments. Declaratory judgment actions are "a valuable procedure for the resolution of insurance coverage disputes to the benefit of insurers, insureds, and claimants." Higgins v. State Farm Fire and Cas. Co., 894 So. 2d 5, 10 (Fla. 2004). Both parties referenced the often-quoted rule for determining whether declaratory relief is appropriate:

> Before any proceeding for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interests are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts.

May v. Holley, 59 So. 2d 636, 639 (Fla. 1952). As the statute holds and the Florida Supreme Court has affirmed, Chapter 86 is substantive and is to be liberally construed. Fla. Stat. § 86.101 (2010); Higgins, 894 So. 2d at 12.

In Higgins, the respondent insurance company filed a declaratory judgment action to determine whether it was required to indemnify Higgins under a homeowners insurance policy. Id. at 8. At issue was whether Higgins, who was being sued for allegedly assaulting a third party at the home of his estranged wife, could seek indemnity under the policy as an injury "caused by an occurrence." Id. The insurance company sought clarification of its obligation under the policy to defend and indemnify Higgins, arguing that the alleged offense did not fit the definition of "occurrence." Id. Noting that "it is illogical and unfair to not allow insureds and insurers to

4

have a determination as to whether coverage exists on the basis of the facts underlying a claim against an insurance policy," the Florida Supreme Court held that declaratory relief was warranted. Id. at 15.

Here, Plaintiff alleges that he is not subject to the "Other Limited Conditions" classification within the policy. Since Defendant has already classified Plaintiff's disability under the policy and Plaintiff disputes the classification, there is a bona fide, actual, present controversy; i.e., whether Defendant has properly classified Plaintiff's disability under the policy. Facts regarding Plaintiff's disability are present and ascertainable, and Florida law holds that it would be illogical not to allow Plaintiff a determination of whether his disability was properly classified.[1] Resolving this dispute will determine the rights of both parties under the policy. Thus, Plaintiff is entitled to a declaratory judgment regarding his long-term disability rights.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 4) is GRANTED IN PART and DENIED IN PART: The Motion is GRANTED to the extent that the Court dismisses Count I; the Motion is DENIED as to Count II.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of January, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[1] The Court notes that the crux of Plaintiff's argument is whether his current disability is properly classified as an "Other Limited Condition." The Court will not engage in providing legal advice based upon hypothetical circumstances that might or might not occur in the future.